BARTLESON v. FEIDLER et al.

(Circuit Court, W. D. Washington, N. D. November 26, 1906.)

No. 1,209.

1. JUDGMENTS—RES JUDICATA—ORDER OF DISTRIBUTION OF PROBATE COURT.

An order made by a probate court of Alaska distributing property to the heirs of a decedent as a part of his estate is not a conclusive adjudication that a partnership did not exist between decedent and another to which the property belonged, as against a creditor of the alleged partner who seeks to follow the property into the hands of the heirs; the probate court not being vested with jurisdiction to bring in parties and adjudicate such question.

2. PARTNERSHIP—EVIDENCE TO ESTABLISH—CREDITORS' SUIT AGAINST HEIRS.

Evidence considered, and *held* to sustain the allegation of a creditors' bill that the judgment debtor and his deceased brother, whose property passed to the other defendants, were partners, and that the property was that of the partnership, and the judgment defendants' interest therein subject to application on the judgment.

In Equity. Creditors' bill founded upon a judgment against F. J. Feidler, and return nulla bona, of a writ of execution. Heard on the merits, the issues raised by the pleadings being whether the judgment debtor and E. L. Feidler, who died in Alaska, were copartners, and whether money which through probate court proceedings in Alaska had come into the hands of the widow of the deceased belonged to the alleged firm. Decree for complainant.

James A. Snoddy, for complainant.

Bo Sweeney and G. E. Steiner, for administratrix.

HANFORD, District Judge. Preliminary to the consideration of the main controversy, the court must dispose of the defendants' contention that the United States commissioner at Nome, in the exercise of the powers of a probate court made an order of distribution of the estate of E. L. Feidler, which is a final determination of the rights of

the parties to this action. The only ground upon which this claim can be maintained is the legal proposition that all matters which have been or might have been litigated in a court of competent jurisdiction are deemed to have been by a final judgment adjudicated, and that all parties who appeared in the proceedings or were required to appear, and their privies, are bound by the adjudication. In this view a very simple test may be applied by which to judge whether by the rule of res adjudicata the complainant is precluded from maintaining this suit in this court. The order of distribution, if it may be considered as a final judgment, is potent only to the extent of the lawful power of the court to give it force and virtue. By this I mean to invoke the principle often expressed in the phrase "that a stream cannot rise higher than its source." The test to be applied is in a correct answer to the inquiry, did the commissioner's court have jurisdiction to bring the parties before it, require them to frame their issues, hear their evidence and arguments, and decide the question whether or not E. L. Feidler, the deceased, and the defendant, F. J. Feidler, were copartners in carrying on the business of the Progresso Trading Company, and whether they as copartners owned the property, and the money which came into the custody of the administrator appointed by the commissioner's court? On this point I hold that the laws do not confer upon the probate courts of Alaska the chancery powers necessary to be exercised in hearing and deciding such questions. I deem this ground sufficient for overruling the defendants' objection, and will refrain from further discussion of the question, except merely to cite the decision of the Supreme Court of the United States in the case of Borer v. Chapman, 119 U. S. 587, 7 Sup. Ct. 342, 30 L. Ed. 532, which supports the complainant's argument on this branch of the case, and the conclusion that a creditor has the right to follow into the hands of their holders, in one state, the assets of his debtor, distributed by order of the probate court of a different state.

Were the Feidler brothers copartners in the business of the Progresso Trading Company at the time of the death of E. L. Fiedler? That is the main question in this case. The defendant F. J. Feidler is probably the only living witness who actually knows the facts. It is denied that he is a competent witness to give evidence, adverse to the administratrix of the estate of E. L. Feidler, relating to transactions with the deceased; but his testimony, if admitted, would be superfluous. I say this for the reason that the facts and circumstances proved by competent and disinterested witnesses lead necessarily to the conclusion that there was a partnership commenced and carried on in the year 1900, and continuously thereafter until E. L. Feidler died, and in deference to the decision of the Circuit Court of Appeals for the Ninth Circuit in the case of Rush v. Lake, 122 Fed. 561, 58 C. C. A. 447, I would be constrained to decide that the partnership did exist, even if F. J. Feidler should testify positively to the contrary. To fairly appreciate the opinion of the Circuit Court of Appeals in the case referred to, it should be read in connection with the opinion of the lower court reported in 111 Fed. 893. The facts and circumstances of this case, briefly stated, are as follows: Previous to the year 1900 F. J. Feidler commenced trading and dealing in merchandise under the name and style

of the Progresso Trading Company, and he transacted his banking business with a bank in Seattle under his brother's name. There is an obvious reason for not doing business in his own proper name in the fact that he had previously been engaged in business in the state of Indiana and left a large number of creditors behind him when he came West. In the year 1900 E. L. Feidler, having obtained a discharge from liability to his creditors under the bankruptcy law, came to Seattle and joined his brother in the business of the Progresso Trading Company. They went to Nome together, with a stock of merchandise, and during that year and the year 1901, were both actively engaged as merchants at Nome, under the name of the Progresso Trading Company. Their stock of goods was mostly, if not entirely, purchased at Seattle, and subsequently to 1901 an office was maintained at Seattle, with F. J. Feidler in charge, who attended to the business of the co-partnership at Seattle. Large sums of money were remitted to him from Nome, and he purchased goods, which were shipped to Nome and sold there by E. L. Feidler, and the business appears to have been profitable.

There is not a scintilla of testimony, by any witness claiming to know the facts, tending to prove that at any particular time or place there was a dissolution of the partnership or a severance of interests, and there is no evidence tending to prove that there was any public announcement of such dissolution or severance. The negative evidence relied upon by the defendants is mainly the testimony of witnesses acquainted with the Feidlers and the business they were engaged in, who say that they did not know that the Feidler brothers were partners; that subsequently to 1901, and until his death, E. L. Feidler alone appeared to be sole manager of the business at Nome, and testimony to the effect that the deceased at different times subsequent to 1901 said that he was sole proprietor of the Progresso Trading Company, and that he was paying his brother for his services as purchasing agent; but all such statements by E. L. Feidler, if made, are incompetent, for the reason that they were not made in the presence of F. J. Feidler, and are not shown to have been communicated to him, nor that he at any time previous to his brother's death knew that such statements had been made.

F. J. Feidler's share of the assets which have come into the hands of the other defendants exceeds in amount the judgment recovered by the complainant, and I direct that a decree be entered in his favor for the full amount of said judgment, with interest and costs.